**WESCAR FREIGHT SYSTEMS, INC., Plaintiff,**

v.

**CONAGRA, INC., Defendant.**

**No. C–88–4664 SAW.**

United States District Court, N.D. California.

Jan. 26, 1989.

Carl A. Knutson, Newport Beach, Cal., for plaintiff.

Michael Rubin, Walsh, Donovan, Lindh & Keech, San Francisco, Cal., Thompson, Hine & Flory, Peter Greene, Hale Foote, Washington, D.C., for defendant.

### ORDER

WEIGEL, District Judge.

In 1985 and 1986, plaintiff Wescar Freight System, Inc. (Wescar), allegedly hauled 13 shipments on behalf of defendant ConAgra. Wescar brings this action to collect the $5,184.11 difference between the rate originally charged and paid (pursuant to a contract between the parties) and the rate published in tariffs filed by Wescar with the Interstate Commerce Commission. Wescar asserts that it is obligated under 49 U.S.C. § 10761(a) to collect the latter rates.

### I.

Defendant moves to dismiss the action for failure to state a claim on the ground that 49 U.S.C. § 10761(a) is no longer applicable to Wescar. The Interstate Commerce Act (ICA) requires a "carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission" to file with the ICC tariffs for service or transportation they may provide. 49 U.S.C. § 10762(a)(1). The carrier "may

not charge or receive a different compensation for that transportation or service than the rate specified in the tariff...." 49 U.S.C. § 10761(a).

Wescar is a freight forwarder as defined by the Interstate Commerce Act. 49 U.S.C. § 10102(9). Prior to the passage of the Surface Freight Forwarder Deregulation Act of 1986 (Deregulation Act), Pub.L. 99-521, freight forwarders were subject to the jurisdiction of the ICC. The Deregulation Act, however, removed freight forwarders (except those transporting household goods) from the jurisdiction of the ICC. *See* 49 U.S.C. §§ 10561(a), 10762(a)(2).

The shipments referred to in the complaint were hauled in 1985 and 1986. Defendant does not dispute that, at the time the shipments were made, plaintiff was bound to charge and receive the rate listed in the published tariffs.

■ Where a change in law affects substantive obligations, the statute is presumed to have only prospective effect. *Bennett v. New Jersey,* 470 U.S. 632, 639, 105 S.Ct. 1555, 1559, 84 L.Ed.2d 572 (1985). Here, the statutory change does affect the parties' substantive obligations. *See Louisville & Nashville R.R. Co. v. Maxwell,* 237 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 (1915). Neither the language of the statute nor its legislative history indicate that the presumption of prospective effect has been overcome; to the contrary, the statute specifies only that the effective date was sixty days after the date of the bill's enactment. *See* Pub.L. 99-521, § 15; S.Rpt. No. 99-120 at 18, reprinted in 5 U.S.Code Cong. and Admin. News at 5028, 5045 (1986). Defendant's motion to deny is therefore dismissed.

## II.

■ Defendant moves in the alternative that the action should be referred to the Interstate Commerce Commission (ICC) because the ICC has exclusive jurisdiction to determine whether plaintiff's practice was reasonable. In *United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), the Supreme Court noted that the doctrine of primary jurisdiction

> comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body....
>
> No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided in the particular litigation.

*Id.* at 64, 77 S.Ct. at 165. The Supreme Court has described the type of determination that should be made by the ICC:

> the enquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable; and such acquaintance is commonly found only in a body of experts.

*Great Northern Ry. Co. v. Merchants Elevator Co.,* 259 U.S. 285, 291, 42 S.Ct. 477, 479, 66 L.Ed. 943 (1922). Here, defendant has pointed to no intricate facts or technical matters which need to be determined. Nor has he demonstrated that the issue of party's deviation from the statute is an issue placed within the special competence of the administrative body. The Court therefore denies the motion to refer to the ICC.

Accordingly,

IT IS HEREBY ORDERED that defendant's motions are denied.